NOAH STOUT *vs.* THE CHOSEN FREEHOLDERS AND SURVEYORS

OF HOPEWELL.

1. Where chosen freeholders and surveyors lay out a ditch or drain under the provisions of the act " to enable the owners of swamp or meadow ground to drain the same," &c., *Rev. Stat.* 731, such freeholders and surveyors are the sole judges, as well of the necessity and reasonableness of the drain required as of the place or places where it is to be laid out, and of the detriment that may be caused by it.

2. Their judgment, expressed in the return, is conclusive, and must remain for one year; and their return cannot be set aside upon the testimony of others differing in judgment with them, unless it appear that their determination was so clearly wrong as to manifest some bias, partially, or fraud on the part of the officers, or that it was procured by corruption or other undue means.

3. To give the freeholders and surveyors jurisdiction, the proceedings must show that the persons through whose land the drain or ditch is laid out refused to join in the work, or to permit it to be done.

---

On *certiorari* to set aside the proceedings and return of the chosen freeholders and surveyors of the highways of the township of Hopewell, in the county of Mercer.

Argued before Justices Elmer and Haines; *W. Halsted,* for plaintiff in *certiorari, Beasley,* for defendants.

Haines, J.    The *certiorari* in this case was brought to remove into this court the proceedings of the chosen freeholders and surveyors of the highways of the township of Hopewell, in the county of Mercer, on the application of George Corwine to lay out a ditch or drain to drain certain meadow lands in that township. And it is insisted that the proceedings and return should be set aside, because the freeholders and surveyors did not lay out the ditch or drain through the lands of the plaintiff in *certiorari* with as little detriment as it could be done to him, as the owner and possessor thereof, and because it was not laid out on the line of division of the lands of the plaintiff in *certiorari* and of the persons on whose behalf the application was made.

The act under which the drain was laid out (*Rev. Stat.* 731, § 1,) expressly requires that the freeholders and surveyors, or a majority of them, in case the ditch or drain applied for shall appear necessary and reasonable, shall lay out such ditch or drain as in their judgment shall be sufficient for the purpose, and in such place or places as shall be most proper for draining the said meadow or land, with as little detriment, however, as may be to the owners or possessors of the premises through which the ditch or drain may run or be laid out. And thus, while it requires that the interests of such owners or possessors shall be regarded, and as little damage done to them as may be, yet it constitutes the freeholders and surveyors the sole judges, as well of the necessity and reasonableness of the drain required as of the place or places where it is to be laid out, and of the detriment that may be caused by it.

Their judgment expressed in the return is conclusive. The ditch or drain laid out by them, and the assessment

of the damages sustained, and the apportionment of the expense of opening, &c., must be final, and so remain for at least one year. At the expiration of that time it may be reviewed by virtue of the act of February, 1838, (*Rev. Stat.* 739) and the drain altered or abolished, and a new assessment of damages made, if necessary and proper.

But the return of the freeholders and surveyors cannot be set aside upon the testimony of others differing in judgment with them, unless, indeed, it should appear that their determination was so clearly wrong as to manifest some bias, partiality, or fraud on the part of the officers, or that it was procured by corruption or other undue means. If it were not so, a party objecting might appeal from the judgment of the officers appointed for the purpose to the opinions and caprices of irresponsible persons.

Another reason for setting aside the return is, that the proceedings of the freeholders and surveyors were contrary to law, inasmuch as it does not appear by the return that there was any allegation or proof that the plaintiff in *certiorari* would not join in cutting the drain.

The authority given by the statute to call upon the freeholders and surveyors to lay out a drain, is limited to persons who have lands so situated "that it cannot be drained sufficiently for effectual improvement of the same without cleaning out creeks or natural watercourses, or cutting into or through meadows or other lands belonging to or in possession of such person or persons as will not join in cutting, clearing creeks or natural water courses, or permit a sufficient ditch or drain to be cut and kept open into or through their land."

Hence it is obvious that the officers named have no authority to lay out a ditch through lands of persons who do not refuse or neglect to join in the work, or to permit it to be done. If willing to join in it, the law will not subject them to the expense of calling the freeholders

and surveyors, nor limit them to their estimate and determination of the damages to be sustained and expenses to be incurred.

The freeholders and surveyors are constituted a tribunal of a special and limited jurisdiction, the very basis of which is the refusal to join or to permit the drain to be laid out as desired. The authority is special, and delegated by statute to particular persons, and the facts upon which its legal exercise depends must appear upon the face of the proceedings themselvs. *State* v. *Scott*, 4 *Halst.* 17 ; *State* v. *Shreve*, 3 *Green* 57 ; *Rex* v. *Croke*, *Cowper* 29 ; *State* v. *Lewis*, 2 *Zab.* 565.

It nowhere appears upon the face of the proceedings and return that the persons through whose lands the proposed drain was to be laid out ever refused to join in it, or to permit it to be done.

Notice, it is true appears to have been given to them, and the plaintiff in *certiorari* now contests the matter ; but no presumption of jurisdiction in such case can be allowed ; the authority must be strictly pursued, and must appear on the face of the proceedings.

For this reason, therefore, the proceedings and return of the freeholders and surveyors must be set aside.

There are other reasons assigned, but it is unnecessary to consider them.

ELMER, J., concurred.